IN THE IOWA DISTRICT COURT FOR HAMILTON COUNTY

| | |
|---|---|
| GARY JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CACTUS FAMILY FARMS, L.L.C., and Caroline Hicks, Individually and in her Corporate Capacity,<br><br>Defendants. | CASE NO.<br><br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT(S):**

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the respondent in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Jill Zwagerman and Lori Bullock of the Newkirk Zwagerman, PLC, whose address is 521 East Locust Street, Suite 300, Des Moines, Iowa 50309. That attorney's phone number is (515) 883-2000; facsimile number (515) 883-2004.

You are notified this case has been filed in a county that utilizes electronic filing. You may refer to the Iowa Court Rules Chapter 16 for general rules and information on electronic filing. For information regarding the protection of personal information in court filings, refer to rules in Chapter 16, division VI.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Hamilton County, at the county courthouse in Webster City, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515)-832-9530. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

                                                          CLERK OF COURT
                                                          Hamilton County Courthouse
                                                          Webster City, Iowa 50595

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

# STATE OF IOWA JUDICIARY

Case No. LACV029389
County Hamilton

Case Title GARY JOHNSON VS CACTUS FAMILY FARMS

THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:
http://www.iowacourts.state.ia.us/Efile

FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16: http://www.iowacourts.state.ia.us/Efile

Scheduled Hearing:

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (641) 421-0990 . (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

Date Issued 12/15/2017 01:55:44 PM



District Clerk of Hamilton    County
/s/ Glenda Meyer

E-FILED  2017 DEC 14 4:27 PM HAMILTON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR HAMILTON COUNTY

| | |
|---|---|
| GARY JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>CACTUS FAMILY FARMS, L.L.C., and Caroline Hicks, Individually and in her Corporate Capacity,<br><br>    Defendants. | Case No:<br><br>**PETITION AT LAW AND JURY DEMAND** |

COMES NOW the Plaintiff, Gary Johnson, by and through his attorneys, Newkirk Zwagerman, P.L.C., and for his cause of action hereby states the following:

### CLAIMS & PARTIES

1. This is a claim for disability discrimination, retaliation, and failure to accommodate under both state and federal disability laws, as well as a claim for violations of the FMLA.

2. Plaintiff Gary Johnson (hereinafter "Johnson") is a resident of Prescott, Adams County, Iowa.

3. Upon information and belief, Defendant Cactus Family Farms, L.L.C, is an Iowa Company doing business as Cactus Family Farms, L.L.C., (hereinafter Cactus), in Webster City, Hamilton County, Iowa.

4. Upon Information and belief, Caroline Hicks (hereinafter "Hicks"), is a resident and citizen of Hamilton County, Iowa and at all relevant times worked for Defendant Cactus.

### VENUE & JURISDICTION

5. The unlawful acts alleged below have been committed in Webster City and Osceola, Iowa and therefore venue is proper in this Court.

E-FILED 2017 DEC 14 4:27 PM HAMILTON - CLERK OF DISTRICT COURT

## PROCEDURAL REQUIREMENT

6. On March 2, 2017, within 300 days of the acts of which he complains, Plaintiff filed charges of employment discrimination against the Defendants with the Iowa Civil Rights Commission that were cross-filed with the Equal Employment Opportunity Commission.

7. On approximately November 29, 2017, within 90 days of filing this lawsuit, Plaintiff received a right to sue letter from the Iowa Civil Rights Commission.

8. On approximately October 24, 2017, within 90 days of filing this lawsuit, Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission.

## FACTUAL SUMMARY

9. Johnson was hired by Cactus on May 20, 2015.

10. Johnson worked as a Truck Driver at the Cactus facility located in Webster City, Iowa.

11. Johnson's primary job duties including taking shipments of feed for animals to various locations around the state of Iowa.

12. Prior to employment with Cactus, Johnson was diagnosed with "Cluster Migraines." This is a life-long condition that causes the individual to have periods of severe, debilitating headaches followed by long periods of remission.

13. Johnson's condition was in remission when he began employment with Cactus.

14. In July 2016, Johnson's condition flared up and he began having cluster migraines again.

15. Johnson went to see his doctor immediately after recognizing the condition.

16. The symptoms of Johnson's condition caused him to miss work.

E-FILED 2017 DEC 14 4:27 PM HAMILTON - CLERK OF DISTRICT COURT

17. Johnson informed his supervisor, Shawn Anderson, of his condition and the need to miss work as a result of his condition at this time.

18. Johnson's doctor restricted him from driving if he had a migraine or had a migraine the night before.

19. On July 27, 2016, Johnson spoke with Hicks to inform her of his serious health condition and his request for an accommodation.

20. Johnson requested that he be granted leave for his migraines.

21. Johnson also initiated paperwork for Family Medical Leave (FMLA) for his migraines.

22. Johnson told Hicks that he had conferred with his doctor and that his doctor was recommending that he take FMLA leave for any migraine headaches.

23. Hicks then snapped at Johnson and stated that Johnson's doctor does not approve FMLA and that only the company would determine if he Johnson needed FMLA leave.

24. On July 27, Hicks faxed FMLA documents to Johnson's doctor's office after speaking with Johnson regarding his request.

25. Johnson's doctor first faxed the FMLA paperwork back to Hicks on July 27, 2016 and then mailed the documentation to Hicks on July 29, 2016.

26. Hicks failed to notify Johnson whether the FMLA request had been accepted or denied.

27. Johnson continued to reach out to Hicks and Sara Brock, who also worked in human resources at Cactus, regarding the status of his FMLA request, as his cluster migraines continued to flare-up.

E-FILED 2017 DEC 14 4:27 PM HAMILTON - CLERK OF DISTRICT COURT

28. On August 15, 2016, Hicks called Johnson and told him that his FMLA request for his disability had been approved.

29. Hicks still failed to provide Johnson with any documentation or notices regarding his FMLA approval and at no time did Johnson receive notices regarding his FMLA leave.

30. Cactus interfered with Johnson's protected rights pursuant to FMLA.

31. On August 29, 2016, Johnson used his first FMLA day off due to a flare up of his cluster migraine condition.

32. In direct response to Johnson needing FMLA leave, Johnson's supervisor told him that his absence was an inconvenience to the company.

33. On August 31, 2016, Johnson was required to stop at the Cactus office in Osceola, Iowa to take a company hearing test.

34. Hicks and Johnson's supervisor were present at the test site.

35. Upon leaving the test site Johnson went back to work driving his truck.

36. Johnson pulled out of the office area and waited for a motorcycle and two cars that were travelling on the highway before he made a left turn onto the highway in front of the Cactus office.

37. On September 2, 2016, Cactus terminated Johnson.

38. Cactus terminated Johnson under the pretext he rolled through a stop sign.

39. Cactus stated this is against their zero tolerance for illegal acts policy.

40. Johnson explained to his supervisor and Hicks that he could not have run the stop sign because of the cross traffic that he had to wait for in order to get onto the highway.

41. Johnson was terminated only four days after taking time away from work under FMLA, to accommodate his disability.

E-FILED 2017 DEC 14 4:27 PM HAMILTON - CLERK OF DISTRICT COURT

42. Johnson witnessed Hicks run the same stop sign that was the purported reason for Johnson's termination and she was not terminated.

## COUNT I:
## DISABILITY DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE
## Iowa Code Chapter 216 and ADAAA

43. Johnson repleads the allegations above as if fully set forth herein.

44. Defendants are "employers" as defined in the Iowa Civil Rights Act, Iowa Code Chapter 216 and the ADAAA.

45. Defendant Hicks is a "person" as defined in the Iowa Civil Rights Act, Iowa Code Chapter 216.

46. Johnson is a person with a disability within the meaning of the Iowa Civil Rights Act, Iowa Code Chapter 216.

47. Johnson is substantially limited in the major life activities related but not limited to thinking, concentrating, communicating, working, speaking, walking, and standing.

48. Johnson has an actual disability as defined in the ICRA and the ADAAA.

49. Johnson has a record of a disability as defined by the ICRA and ADAAA.

50. Johnson is a qualified individual with a disability as defined in the ICRA and ADAAA.

51. Johnson was able to perform the essential functions of his position with or without reasonable accommodations.

52. Cactus knew of Johnson's disability.

53. Cactus failed to accommodate Johnson's disability when they terminated him in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216 and the ADA Amendments Act of 2008.

E-FILED 2017 DEC 14 4:27 PM HAMILTON - CLERK OF DISTRICT COURT

54. Cactus's reason for terminating Johnson was pretextual, as a person without a disability was not terminated for running a stop sign.

55. Cactus discriminated against Johnson by terminating him because of his disability in violation of Iowa Civil Rights Act, Iowa Code Chapter 216 and the ADA Amendments Act of 2008.

56. Cactus retaliated against Johnson for needing an accommodation of intermittent time off work for his disability.

57. As a proximate cause of Defendants' illegal actions, Johnson has been damaged.

58. Defendants acted with reckless indifference to Johnson's federally protected rights

59. The unlawful actions of the Defendants resulted in Johnson suffering a loss of wages and other benefits related to that employment as well as emotional distress.

60. In addition to compensatory damages, Johnson is entitled to equitable relief, including but not limited to: 1) benefits not measured as compensatory damages, including relief to offset any damage to her reputation, 2) injunctive relief prohibiting Defendants from engaging in further discrimination, 3) injunctive relief requiring Defendants to engage in company-wide disability discrimination and sensitivity training, 4) removal of supervisory authority from employees who have engaged in discrimination or who are found to possess disability bias through testing or other means, and 5) reinstatement or front pay.

WHEREFORE, Plaintiff Gary Johnson demands judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages, for lost wages, for emotional distress, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, including but not limited to reinstatement, punitive

E-FILED 2017 DEC 14 4:27 PM HAMILTON - CLERK OF DISTRICT COURT

damages, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act, the ADAAA, and as the Court deems just and equitable.

### COUNT II: VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

61. Johnson repleads the allegations above as if fully set forth herein

62. At all times material to this case, Defendant Cactus was an "employer" within the meaning of the Family & Medical Leave Act.

63. Beginning in approximately July of 2016, Johnson was an eligible "employee" within the meaning of the Family & Medical Leave Act.

64. Under § 2612 (a)(1)(D) of the Family & Medical Leave Act, Johnson was eligible to take up to twelve workweeks during any twelve-month period because of a serious health condition.

65. Jonson suffered from a "serious health condition" within the meaning of the FMLA.

66. Johnson submitted FMLA paperwork.

67. Defendant failed to timely respond to Johnson's request for FMLA leave and provide him with the appropriate notices as required by federal law.

68. Defendant interfered with Plaintiff's right to take leave under the Family & Medical Leave Act.

69. Defendant discriminated against Plaintiff and fired Plaintiff for exercising his rights under the Family & Medical Leave Act.

70. Defendant retaliated against Plaintiff for requesting leave and taking absences, which were protected under the FMLA.

71. Defendant violated the FMLA by terminating Plaintiff's employment for absences protected under FMLA.

E-FILED 2017 DEC 14 4:27 PM HAMILTON - CLERK OF DISTRICT COURT

72. As a proximate result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant, in an amount which will fully and fairly compensate him for his injuries and damages, for liquidated damages, for interest as allowed by law, for attorney's fees, for the costs of this action, equitable relief and for such other relief as may be just in the circumstances and consistent with the purpose of the Family and Medical Leave Act.

## JURY DEMAND

COMES NOW the Plaintiff and hereby demands a jury trial with regard to this matter.

NEWKIRK LAW FIRM, P.L.C.

_s/Lori A. Bullock_
Jill Zwagerman AT0000324
jzwagerman@newkirklaw.com
Lori Bullock AT0012240
lbullock@newkirklaw.com
521 E. Locust, Suite 300
Des Moines, IA 50309
Telephone: (515) 883-2000
Fax: (515) 883-2004
ATTORNEYS FOR PLAINTIFF

PROOF OF SERVICE

Case No. LACV029389

I hereby certify and make return; that I received the following on 12/18/17,
- ORIGINAL NOTICE
- PETITION AT LAW AND JURY DEMAND
-

that at 2:00 pm on 12/19/17 I served a true copy on:

CACTUS FAMILY FARMS, LLC at 666 Grand Ave., Suite 2000, Des Moines, Polk County, Iowa 50309

_____ I served the above person by personal service.

_____ I served the above person(s) at their dwelling house or usual place of abode (which place was not a rooming house, hotel, club or apartment building) by substitute service on the individual named below, which is a person who resides therein and was at least 18 years of age.

_____ I served the above person(s) at their dwelling house or usual place of abode (which place was a rooming house, hotel, club or apartment building) by substitute service on a family member, roommate, apartment manager or proprietor named below, which is a person who was at least 18 years of age.

__X__ I served the above company, corporation, association, government agency, estate, individual in their professional capacity, etc. by personal service on the appropriate agent or officer named below.

_____ I served the above person(s) by posting the document(s) and mailing by certified and regular mail (date and time for each of my attempts and date and time of posting are listed below).

MICHAEL R. BLASER, REGISTERED AGENT
_____
NAME AND RELATIONSHIP/TITLE OF PERSON SERVED (IF NOT SHOWN ABOVE)

Service Fees: $ 50.00

Add'l Fees: $ 0.00

TOTAL: $ 50.00

Sworn and subscribed to before me by ANDREW GOERLITZ on this 20th day of December, 2017.

Notary Public in and for the State of Iowa

SHELLEY E. DRAUR
Commission Number 766107
My Commission Expires
January 3, 2020